UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

   -against-                                         1:05-CR-0166
                                                                (LEK)
RAYMOND VANHOESEN, *a.k.a.* SHAM,

               Defendant.
_____

## DECISION AND ORDER

### I. Background

Defendant Raymond VanHoesen, also known as Sham, ("Defendant") has been indicted on one count of conspiracy to knowingly, willfully and intentionally possess and distribute more than fifty (50) grams of crack cocaine (a form of cocaine base), which is a Schedule II controlled substance. See Indictment (Dkt. No. 1); Superceding Indictment (Dkt. No. 17). The Indictment includes two allegations under which the Government claims Defendant "is subject to the enhanced penalty provisions contained within 21 U.S.C. § 841(b)(1)(A)." Id.

The Original Sealed Indictment was filed April 1, 2005, and was ordered unsealed on April 12, 2005. The Superceding Indictment was filed on May 19, 2006. Defendant was arraigned before the Honorable David R. Homer, United States Magistrate Judge, on April 15, 2005, and was ordered detained. See Order of Detention (Dkt. No. 4); Minute Entry (Dkt. No. 8).

Numerous stipulations and orders to continue (including exclusions of time from Speedy Trial calculation) have been filed in this matter. See, *inter alia*, Dkt. Nos. 5, 7, 9, 12-14, 24. However, there are a certain number of days that passed between the entries of the various Stipulations & Orders ("S&O's"), and which are not excluded by said S&O's.

On July 17, 2006, Judge Homer granted Defendant's Motion for reconsideration of the order of detention, and ordered Defendant released due to a violation of the Speedy Trial Act. See Judge Homer's July 17, 2006 Order (Dkt. No. 21); Minute Entry of July 17, 2006. An immediate appeal was taken to the undersigned, and this Court stayed Judge Homer's Order, thereafter held a conference with the parties, and reversed Judge Homer's Order, while allowing the parties time to make any further motions. See Judge Kahn's July 17, 2006 Order (Dkt. No. 22); Minute Entry of July 18, 2006 (Dkt. No. 23); Judge Kahn's July 19, 2006 Order (Dkt. No. 24).

Defendant has filed a Motion to Dismiss for Speedy Trial Act violations (Dkt. No. 26) claiming that the non-excluded time has now exceeded the seventy-day Speedy Trial clock of 18 U.S.C. § 3161. The Government has filed papers in Response and opposition (Dkt. No. 27). The Government has also filed a Motion for a Conflict of Interest hearing against Defense counsel (Dkt. No. 25).

Upon review of the submissions of the parties, and the relevant law, and for the reasons that follow, this Court hereby vacates its July 19, 2006 Order (Dkt. No. 24), and affirms and re-instates Judge Homer's July 17, 2006 Order (Dkt. No. 21). Defendant's Motion to Dismiss is **granted**, the Government's Motion (Dkt. No. 25) is **denied as moot**, and Defendant VanHoesen is ordered **released forthwith** and **without conditions**.

## II. Discussion

*A. The Speedy Trial Act*

"The Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, 'provides for dismissal of charges against a defendant who is not indicted, arraigned, or brought to trial within periods of time set forth

in the statute.'... "'The administration of justice depends heavily upon the prompt processing of criminal proceedings," both to safeguard the rights of the accused and to promote public respect for and confidence in the law.'" United States v. Melendez, No. 1:05CR23 (NAM), 2005 WL 1388911, at *2 (N.D.N.Y. June 10, 2005) (Mordue, D.J.) (citing and quoting United States v. Gaskin, 364 F.3d 438, 450-51 (2d Cir. 2004) (quoting United States v. Hillegas, 578 F.2d 453, 456 (2d Cir. 1978))).

### B. Speedy Trial Clock Not Reset By The Superceding Indictment

There are certain cases when a superceding indictment extends Speedy Trial Act limits, such as when new defendants in a conspiracy are added. See Walker v. United States, 321 F. Supp. 2d 461 (N.D.N.Y. 2004) (Munson, Senior D.J.). However, the case at bar is not one of those cases. In the present case, the Superceding Indictment apparently added or, rather, changed or clarified a count. In such a situation, both the original Speedy Trial clock and prior exclusions still apply. See United States v. Roman, 822 F.2d 261 (2d Cir. 1987) (The "[Second Circuit Guidelines Under the Speedy Trial Act] indicate that where the original indictment is pending when the subsequent charge is filed and the superseding indictment contains an "offense required to be joined with an originally charged offense", the offenses contained in the superseding indictment shall inherit both the 70-day time clock of the original indictment and the exclusions granted thereunder."). As such, the Superceding Indictment (Dkt. No. 17) is found to have no impact on the Speedy Trial clock in this matter.[1]

---

[1] Note that in this case, the Speedy Trial clock is running from **April 15, 2005**, the date of Defendant's arraignment before Judge Homer - a judicial officer of the Northern District of New York. See 18 U.S.C. § 3161(c)(1); Minute Entry (Dkt. No. 8).

### C. Stipulations & Orders Not "Motions"

One of the arguments advanced in the Government's Response is that the time between the S&O's, which is not excluded in said S&O's, should be excluded from the calculation of time because those days represent time required for the preparation of motions. See Govt's Resp. (Dkt. No. 27) at 4. According to the Government, such time is automatically excludable under 18 U.S.C. § 3161. Id.

While the Government might be correct in its proposition if the S&O's were, indeed, motions, said submissions were *not* motions. The Court's Local Rules of Criminal Procedure clearly state that "[n]o continuance or extension shall be granted under the Speedy Trial Act unless a motion *or stipulation* is submitted". N.D.N.Y. LOC. CRIM. PROC. R. 45.1 (emphasis added). Strictly interpreting the Local Rules, the Court finds that "motions" and "stipulations" are separate filings. Additionally, the Docket does not contain motion papers at the times that the S&O's were signed and filed. The Stipulations submitted by counsel for the parties, therefore, are not read by the Court as "motions", and the Government's proffered case law on the issue is thus distinguishable. The time between S&O's is not automatically excludable as time for the "preparation of motions".

### D. No Detention Motion Was Pending From 4/15/05 - 5/20/05

In its Response, the Government posits that the Speedy Trial clock was not running from April 15, 2005 until May 20, 2005, because of "detention motion: 3161(h)(1)(F); time for preparation of motions set by court: 3161(h)(1)". Govt's Resp. (Dkt. No. 27) at 5. However, upon review of the Docket Sheet in this matter, the Court finds no pending motion concerning detention, and no time set by the Court for any said motion, during the disputed time period of April-May

2005.[2] Furthermore, Defense counsel explicitly stated at the hearing held by Judge Homer, in July 2006, that no motions were made by Defendant. See Minute Entry of July 17, 2006. Judge Homer had this information before him when he ruled on Defendant's detention, and ordered Defendant released due to a violation of the Speedy Trial Act.

As such, the Court finds that the time running from April 15, 2005 to May 20, 2005, is not excludable from the Speedy Trial clock, and that **58 days** ran from the clock from April 15, 2005 until June 13, 2005 (the first date of exclusion covered by the first of the S&O's). See Deft's Affirm. of Castillo (Dkt. No. 26) at ¶¶ 7-8; Govt's Resp. (Dkt. No. 27) at 5.

### E.  *Time Between Stipulations & Orders Excluded*

The Government further claims that certain time between the S&O's is excludable as "self-executing" time exclusions due to continuation of plea negotiations. See Govt's Resp. (Dkt. No. 27). The S&O's each state that time was excluded from the Speedy Trial calculation as the parties attempted to discuss or negotiate a potential disposition of the charges and case against Defendant. See, *inter alia*, Dkt. Nos. 5, 7, 9, 12-14. The Government cites to Seventh and Eighth Circuit precedents supporting the idea that plea discussions and negotiations (the "plea bargaining process") can serve as "other proceedings" under 18 U.S.C. § 3161, such that the time encompassed by said negotiations and discussions is excluded regardless of the existence of a stipulation and order so

---

[2] The Court distinguishes and finds inapplicable the Government's cited case of United States v. Barnes, 909 F.2d 1059, 1065 (7th Cir. 1990), which had found that time set aside by the Magistrate Judge for motion preparation and filing was excludable, regardless of whether any motion was actually filed, because the time period permitted consideration of a motion. In the case at bar, the Docket does not reflect any such time period having been set aside by Judge Homer for the consideration, preparation and/or filing of motions during the disputed April-May 2005 time period.

stating. See Govt's Resp. (Dkt. No. 27) at 4 (citing United States v. Montoya, 827 F.2d 143, 150 (7th Cir. 1987); United States v. Van Someren, 118 F.3d 1214, 1218-1219 (8th Cir. 1997)). The facts of those cases, however, are distinguishable from the present case.

In the matter currently at bar, the following periods of time are in dispute as falling between and outside the valid S&O's: August 13, 2005 - August 15, 2005; October 16, 2005 - October 17, 2005; December 18, 2005 - December 22, 2005; February 27, 2006 - March 6, 2006; May 7, 2006 - May 9, 2006; and July 10, 2006. See Deft's Affirm. of Castillo (Dkt. No. 26) at ¶ 8; Govt's Resp. (Dkt. No. 27) at 5-6. Thus, in addition to the 58 days already accounted for above, another 22 days are in dispute.

The Court's power to exclude time under the Speedy Trial Act is somewhat limited. See, generally, United States v. LaCruz, 441 F. Supp. 1261, 1264-65 (S.D.N.Y. 1977); 18 U.S.C. § 3161. Defendant cites the recent Supreme Court case of Zedner v. United States, 126 S.Ct. 1976 (2006) (Alito, J.), for the proposition that holding Defendant to have prospectively waived the intervening time between S&O's would be the same as finding Defendant to have prospectively waived application of the Speedy Trial Act to his case. See Deft's Mem. of Law (Dkt. No. 26) at 4-5. Although Zedner is distinguishable - in that it concerns itself with a situation where Defendant, upon instigation by the trial court, had signed a prospective waiver of all Speedy Trial rights early in the proceedings - it still sets forth reasoning applicable to this case.

The Court cannot simply grant continuances and exclusions of time *nunc pro tunc*. See, generally, LaCruz, 441 F. Supp. at 1265. The Speedy Trial Act exists both for the protection of defendants in criminal matters, and for the protection of the public interest in having speedy criminal trials. See, generally, Zedner, 126 S.Ct. 1976; United States v. Breen, 243 F.3d 591, 594-

95 (2d Cir. 2001). The S&O's executed in this case spell-out the specific time frames excluded from the Speedy Trial clock - stipulations by the parties that were "so ordered" by the Court following an "ends of justice" analysis. See, *inter alia*, Dkt. Nos. 5, 7, 9, 12-14, 24. The parties were well aware of the expiration dates of the S&O's. The S&O's originated with the Government, which then forwarded them to Defense counsel for signature before submission to the Court. Upon review of the S&O's, it is noted that the Government attorney's signature on each new S&O is dated either only a few days before, or on the day of, expiration of the prior S&O, thus leaving little or no time before non-excluded periods began to run prior to the "so ordering" of the next S&O by the Court. See, e.g., Dkt. Nos. 7, 9, 12-14.

The 22 days falling between the valid S&O's were not covered by any of the S&O's, Defendant did not agree to waive them, and this Court will not now undertake a *post hoc* review of that time. Defendant will not be found to have prospectively waived application of the Speedy Trial Act to all of the intervening time in his case simply because Defendant consented to the exclusion of other specified time frames for negotiation that were properly contained within the S&O's. Furthermore, this Court will not now, absent an "ends of justice" review performed back at the times disputed herein, grant continuances or exclusions under the Speedy Trial Act to operate *nunc pro tunc*.

The 22 days that are disputed herein have not been properly excluded from the Speedy Trial clock. As such, when these 22 days are added to the other 58 days that were already found to have run, the clock stands at 80 days. "Zero-hour" has already arrived.

### F. *Final Calculations of Time*

Finally, this Court notes that the July 19, 2006 Order excluded time from July 18, 2006 until July 25, 2006.  See July 19, 2006 Order (Dkt. No. 24).  However, the Government's Motion (Dkt. No. 25) - which served to stop the Speedy Trial clock - was not filed until July 30, 2006.  Thus, four (4) additional days ticked off of the Speedy Trial clock from July 26, 2006 to July 29, 2006, which the Government actually does not dispute.  See Govt's Resp. (Dkt. No. 27) at 6.

Adding up all of the time that has not been excluded from the Speedy Trial clock in this case, the Court finds that 84 days have passed, more than the 70 days allowed in the Speedy Trial Act, thus resulting in a violation of the Act.  18 U.S.C. § 3161.

### G. *Dismissal Is Without Prejudice*

The Court has the option of dismissing the indictment with or without prejudice.  "Whether the dismissal is 'with or without prejudice' depends on 'the seriousness of the offense, the circumstances leading to the dismissal, the impact of reprosecution on the Speedy Trial Act and the administration of justice, as well as whether the defendant sustained any prejudice.'"  Melendez, 2005 WL 1388911, at *2 (citing and quoting Gaskin, 364 F.3d at 451 (citing United States v. Taylor, 487 U.S. 326, 332-34 (1988))).  See also United States v. Peppin, 365 F. Supp. 2d 261 (N.D.N.Y. 2005) (Hurd, D.J.).  The Speedy Trial Act statute does not distinguish between dismissal with or without prejudice.  See Peppin, 365 F. Supp. 2d at 263 (citing United States v. Coleman, 170 F. Supp. 2d 321, 324 (N.D.N.Y. 2001) (citing United States v. Taylor, 487 U.S. 326, 334 (1988))).

In the case at bar, the Court has considered the factors outlined above. The issues in this case presented the Government and the Defense with a quandary that caused confusion in determining exclusions of time, and, thus, confusion in the calculation of the Speedy Trial clock. The present decision should serve as clarification. Furthermore, after weighing all determinants, the Court finds that this matter warrants **dismissal without prejudice**.

### *H. Government's Conflict of Interest Motion Denied As Moot*

Given the dismissal of Defendant's indictment without prejudice, the Government's Motion for a Conflict of Interest hearing against Defense counsel (Dkt. No. 25) is **denied as moot**.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that this Court's July 19, 2006 Order (Dkt. No. 24) is **VACATED**, and Judge Homer's July 17, 2006 Order (Dkt. No. 21) is **AFFIRMED** and **RE-INSTATED**; and it is further

**ORDERED**, that Defendant's Motion to Dismiss for Speedy Trial Act violations (Dkt. No. 26) is **GRANTED**, and the Indictment (Dkt. No. 1) and Superceding Indictment (Dkt. No. 17) are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED**, that the Government's Motion for a Conflict of Interest hearing against Defense counsel (Dkt. No. 25) is **DENIED AS MOOT**; and it is further

**ORDERED**, that **Defendant VanHoesen SHALL BE RELEASED FROM DETENTION FORTHWITH, and WITHOUT CONDITIONS**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:      October 13, 2006
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge